# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ROBERT MENA,

        Plaintiff,

v.

CEST LA VIE RESTAURANT, INC, et al.,

        Defendants.

No. 8:26-cv-01429-JAK (KESx)

**ORDER RE TO SHOW CAUSE RE: SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS**

1

Based on a review of the Complaint (Dkt. 1), the following determinations are made:

The Complaint alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), the Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51–55, and other provisions of California law . Dkt. 1 ¶¶ 18–53. Supplemental jurisdiction is the basis for the state-law claims. *Id.* ¶ 7. District courts may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider . . . at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (citation omitted).

In 2012, California imposed heightened pleading requirements for Unruh Act claims. Cal. Civ. Code § 55.52(a)(1); Cal. Code Civ. Proc. § 425.50(a). In 2015, California also imposed a "high-frequency litigant fee" for plaintiffs and law firms that have brought large numbers of construction-related accessibility claims. Cal. Gov't Code 70616.5. As detailed in previous orders by this Court and other district courts in California, these reforms addressed the small number of plaintiffs and counsel who bring a significant percentage of construction-related accessibility claims. *E.g.*, *Whitaker v. RCP Belmont Shore LLC*, No. 19-CV-9561, 2020 WL 3800449, at *6–8 (Mar. 30, 2020); *Garibay v. Rodriguez*, No. 18-CV-9187, 2019 WL 5204294, at *1–6 (C.D. Cal. Aug. 27, 2019). These statutes impose special requirements for construction-related accessibility claims brought by high-frequency plaintiffs pursuant to the Unruh Act. Because accepting supplemental jurisdiction over such claims would permit high-frequency plaintiffs to side-step those state-law requirements by pursuing the claims in a federal forum, many district courts, including this one, have declined to exercise such

jurisdiction. *E.g.*, *Whitaker*, 2020 WL 3800449, at \*6–8; *Garibay*, 2019 WL 5204294, at \*1–6.

A review of the docket in this District shows that, in the one-year period preceding the filing of the Complaint, Plaintiff has filed more than ten actions in which he has advanced construction-related accessibility claims. In a California Superior Court, Plaintiff would be deemed a high-frequency litigant. Therefore, "California's recent legislative enactments confirm that the state has a substantial interest in this case." *Perri v. Thrifty Payless*, No. 19-CV-7829, 2019 WL 7882068, at \*2 (C.D. Cal. Oct. 8, 2019).

In light of the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not decline to exercise supplemental jurisdiction over the state-law claims. Plaintiff shall file a response to this Order to Show Cause, not to exceed ten pages, on or before June 22, 2026. In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover. Plaintiff shall also present a declaration, signed under penalty of perjury, providing the evidence necessary for the Court to determine if Plaintiff meets the definition of a "high-frequency litigant" as defined in Cal. Code Civ. Proc. § 425.50(b)(1) & (2). Failure to file a timely response to this Order to Show Cause may result in the dismissal of the state-law claims without prejudice by declining to exercise supplemental jurisdiction over them, pursuant to 28 U.S.C. § 1367(c). Defendant may also file a response to this Order to Show Cause, not to exceed ten pages, on or before June 29, 2026. Upon receipt of the response(s), the matter will be taken under submission, and a written order will issue.

**IT IS SO ORDERED.**

Dated:  June 10, 2026

_____
John A. Kronstadt
United States District Judge

3